THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| **DAMESHIA PEEPLES,** | : |
| Plaintiff, | : |
| v. | : |
| | : Civ. Case No. GLS 22-2218 |
| **LORRING PARK APARTMENTS, LLC** *et al.*, | : |
| Defendants. | : |

## MEMORANDUM OPINION

Pending before this Court[1] is "Augustine Roofing, LLC's Motion to Strike Crossclaim of Defendants ZPM Management, LLC and Lorring Park Apartments, LLC" ("Motion to Strike"), filed by Defendant/Third-Party Plaintiff Augustine Roofing, LLC ("Augustine Roofing"). (ECF No. 85). Defendants ZPM Management, LLC ("ZPM") and Lorring Park Apartments, LLC ("Lorring Park") collectively filed "Defendants Lorring Park Apartments, LLC and ZPM Management, LLC's Opposition to Defendant Augustine Roofing, LLC's Motion to Strike Crossclaim." ("Opposition") (ECF No. 86). Augustine Roofing did not file a Reply, and the time for filing has since expired. *See* Local Rule 105.2(a) (D. Md. 2023). Accordingly, briefing on the matter is complete. The Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023).

For the reasons set forth below, the Motion to Strike is **DENIED**.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of this Court to conduct all further proceedings in this case, to include through trial, entry of final judgement, and resolution of post-judgment proceedings. (ECF Nos. 95, 97-99).

I.     PROCEDURAL BACKGROUND

Plaintiff Dameshia Peeples ("Plaintiff") filed a Complaint against Defendants ZPM, Lorring Park, and Augustine Roofing, alleging that she suffered serious and permanent injuries on or about April 22, 2019 after the ceiling of her apartment collapsed in on her while she was lying in bed. (ECF No. 3). In particular, Plaintiff advances negligence claims against all Defendants: Count I, against Lorring Park, owner of the apartment building; Count II, against, ZPM, manager of the day-to-day operations of the building; and Count III, Augustine Roofing, a contractor hired to perform repairs on the building's roof. (*Id.*). Plaintiff maintains that, as a result of Defendants' negligence, she sustained significant physical and neurological damage, which required extensive medical treatment. (*Id.*, p.3)

Augustine Roofing filed its Answer to the Complaint, as did ZPM and Lorring Park. (ECF Nos. 5, 48). On May 8, 2023, Augustine Roofing filed a Third-Party Complaint against Third-Party Defendant Julio Ordonez ("Ordonez"), seeking indemnification and contribution. (ECF No. 37). According to Augustine Roofing, Ordonez was its subcontractor for the repairs and the person who actually performed the work on the roof. (*Id.*). That same day, Augustine Roofing also filed a separate pleading, namely a Crossclaim, against ZPM and Lorring Park seeking indemnification and contribution. (ECF No. 38).

On August 21, 2023, ZPM and Lorring Park filed an "Answer to Augustine Roofing's Crossclaim" denying the allegations and asserting affirmative defenses. (ECF No. 49). On September 7, 2023, Ordonez filed an "Answer to Third-Party Complaint," raising a variety of affirmative defenses to Augustine Roofing's claims against him. (ECF No. 52).

The Court issued a Scheduling Order setting November 24, 2023 as the deadline to amend pleadings and join parties, and the deadline for completion of discovery as February 22, 2024.

(ECF No. 54). On January 3, 2024, Augustine Roofing filed a "Consent Motion to Extend Scheduling Order" which the Court granted and extended the deadline for completion of discovery to March 25, 2024. (ECF Nos. 65, 69). On April 4, 2024, the parties filed a "Joint Motion to Extend Discovery Deadline," which the Court granted and extended the deadline for completion of discovery to June 5, 2024. (ECF Nos. 78, 80).

On May 17, 2024, ZPM and Lorring Park filed a "Crossclaim against Defendant Augustine Roofing, LLC" ("Crossclaim"), seeking indemnification or, alternatively, contribution from Augustine Roofing. (ECF No. 84). On June 3, 2024, Augustine Roofing filed the Motion to Strike. On June 4, 2024, ZPM and Lorring Park filed the Opposition. Defendant Augustine Roofing did not file a Reply.

## II.    THE LAW

### A.  Motion to Strike

Federal Rule of Civil Procedure 12 governs a motion to strike a pleading or portions of a pleading. Pursuant to Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Potomac Elec. Power Co. v. Midwest Mole, Inc.*, Civ. No. AAQ 19-3037, 2022 WL 17362679, at *3 (D. Md. Dec. 1, 2022).

When deciding whether to grant a motion to strike, a court enjoys "wide discretion." *Al-Sabah v. Agbodjogbe*, Civ. No. ELH 17-730, 2017 WL 4467495, at *1 (D. Md. Oct. 5, 2017). In addition, a court must view the pleading to be struck "in a light most favorable to the pleader," and the facts set forth in the pleading "must be taken as true." *Jones v. Aberdeen Proving Ground Fed. Credit Union*, Civ. No. ELH 21-1915, 2022 WL 2703825, at *3 (D. Md. July 12, 2022) (further citations omitted).

Courts generally view motions to strike "with disfavor" because striking a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1380 (2d ed. 1990)). Moreover, a court will generally refrain from granting the "drastic remedy" that is a motion to strike "unless the challenged allegations have no possible or logical connection to the subject matter of the controversy *and* may cause some form of significant prejudice to a party." *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 117 (D. Md. 2020) (emphasis added); *see also Jones*, 2022 WL 2703825, at *3; *Haley Paint Co. v. Live Nation Worldwide, Inc.*, Civ. No. TDC 14-2697, 2015 WL 235553, at *3 (D. Md. Jan. 15, 2015).

Accordingly, for a court to grant a motion to strike, the movant must: (1) establish that the challenged allegations have "no possible or logical connection to the subject matter of the controversy;" and (2) demonstrate "some form of significant prejudice to a party." *Gilman & Bedigian, LLC*, 337 F.R.D. at 117.

### B. Crossclaim

Crossclaims in federal court are governed by Federal Rule of Civil Procedure 13, which provides the following:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Fed. R. Civ. P. 13(g).

In addition, courts have recognized that "[t]he decision whether to allow a crossclaim . . . is a matter of judicial discretion." Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1431 & n.49 (3d ed. 2024) (collecting cases); *see Kennell v. Avis Budget Group, Inc.*, Civ. No. WMN 09-833, 2009

4

WL 2426016, at * 4 (D. Md. Aug. 6, 2009); *Keralink Int'l, Inc. v. Stradis Healthcare, LLC*, Civ. No. CCB 18-2013, 2020 WL 2490110, at *3 (D. Md. May 5, 2020). In this District, courts have held that a standalone or free-standing crossclaim is not permitted under the Federal Rules of Civil Procedure. *See Kennell*, 2009 WL 2426016, at * 4; *see also Keralink Int'l*, 2020 WL 2490110, at *3. Specifically, these courts have held that Rule 7(a)[2] contains an exhaustive list of pleadings, and that a crossclaim is not therein listed as a pleading that can stand on its own. Instead, consistent with Fed. R. Civ. P. 13(g), a crossclaim has to be advanced in an appropriate pleading, like an answer or an amended answer. *See Kennell*, 2009 WL 2426016, at *4; *Keralink*, 2020 WL 2490110, at *3.

Nonetheless, the caselaw in this District also provides that courts have discretion to permit improper forms of pleadings where "judicial economy will be served and no unfair prejudice inflicted." *Keralink*, 2020 WL 2490110, at *3 (quoting *White Marlin Open, Inc. v. Heasley*, Civ. No. RDB 16- 3105, 2017 WL 4677330, at *7 (D. Md. Feb. 3, 2017)); *see also Kennell*, 2009 WL 2426016, at *4. For that reason, then, a court may exercise its discretion to "not dismiss [a] crossclaim solely on pleading deficiency grounds." *Keralink Int'l*, 2020 WL 2490110, at *3; *see also* Wright & Miller, *supra*, § 1431.

### III.   DISCUSSION

#### A.   The Parties' Arguments

In support of its Motion to Strike, Augustine Roofing appears to advance two principal arguments. First, that the appropriate time for ZPM and Lorring Park to file a crossclaim was when they filed their Answer to Augustine Roofing's Crossclaim, which was in August 2023. Second,

---

[2] Fed. R. Civ. P. 7(a) only lists the following pleadings: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.

that ZPM's/Lorring Park's Crossclaim is untimely because it was filed after the majority of discovery had been completed. Relatedly, Augustine Roofing's responsive pleading to the Crossclaim would have been due on or before June 7, 2024, which was two days after the close of discovery. In short, Augustine Roofing essentially argues that no justifiable reason exists for ZPM's/Lorring Park's "delay" in bringing their crossclaim. (Motion to Strike, pp. 2-3).

In the Opposition, ZPM and Lorring Park counter with three arguments. First, Augustine Roofing fails to establish that Fed. R. Civ. P. 12(f), and the caselaw related thereto, require this Court to strike the Crossclaim. In particular, the Crossclaim does not advance an "insufficient defense," nor does it contain "redundant, immaterial, impertinent, or scandalous matter." (Opposition, p. 3). Second, ZPM and Lorring Park would suffer great prejudice if their crossclaim was stricken; namely, that these Defendants "would be left without a legal remedy against [Augustine Roofing] should [they] be found liable to Plaintiff." (*Id.*). Third, Augustine Roofing will not suffer any prejudice if the Crossclaim remains part of the instant case. Specifically, Augustine Roofing will not be prejudiced because: (1) the agreement that forms the basis of the Crossclaim was produced to Augustine Roofing during discovery (on January 31, 2024); (2) the Crossclaim is for indemnification "based on a written instrument—rather than a tortious action—[thus Augustine Roofing] is not prejudiced by an inability to conduct discovery pertaining to the crossclaim;" (3) on April 5, 2024, ZPM and Lorring Park advised Augustine Roofing that they would be pursuing a crossclaim against it; and (4) on May 15, 2024, Augustine Roofing deposed a ZPM employee, and was able to obtain testimony regarding the nature of the relationship between the three Defendants. In essence, then, Augustine Roofing cannot demonstrate prejudice because it "had ample notice of the basis of the crossclaim against it." (*Id.*).

## B. Analysis

### 1. Propriety of ZPM's/Lorring Park's Standalone Crossclaim

Turning to Augustine Roofing's first argument, the Court must first determine whether ZPM's/Lorring Park's crossclaim is improper because it is a standalone pleading. To do so, the Court begins with an analysis of all of the crossclaims filed in this case.

The Court first finds that Augustine Roofing filed its Answer to the Complaint, then later filed its Third-Party Complaint against Ordonez seeking indemnification and contribution related to the roof repairs. Neither of those pleadings asserted an indemnification or contribution crossclaim against Defendants ZPM and Lorring Park. The Court also finds that Augustine Roofing asserted a crossclaim as a standalone pleading on May 8, 2023. The Court further finds that Augustine Roofing's free-standing crossclaim was filed in violation of Fed. R. Civ. P. 7(a), 13(g). *See Kennell*, 2009 WL 2426016, at * 4; *Keralink Int'l*, 2020 WL 2490110, at *3. Thus, the Court could have exercised its discretion and ordered struck Augustine Roofing's crossclaim. *Id*. However, the Court has concluded that judicial economy was promoted and there was no unfair prejudice to ZPM and Lorring Park in allowing Augustine Roofing's crossclaim.

Turning to Augustine Roofing's challenge to the ZPM/Lorring Park Crossclaim, the Court finds that ZPM and Lorring Park filed it as a free-standing pleading. Thus, the Court finds that this filing also violates Fed. R. Civ. P 7(a) and 13(g), and the relevant caselaw. *See Kennell*, 2009 WL 2426016, at * 4; *Keralink Int'l*, 2020 WL 2490110, at *3. Although it is well within the Court's discretion to order struck ZPM's/Lorring Park's Crossclaim, the Court declines to do so in this case for several reasons. First, as held above, Augustine Roofing improperly filed its crossclaim as a free-standing pleading. Thus, it cannot fairly complain about ZPM's/Lorring Park's technical non-compliance with the rules. Second, judicial economy will best be served by resolving the

7

indemnification and contribution claims between all Defendants in this action. The Court so finds because "the general policy behind allowing crossclaims is to avoid multiple suits and to encourage the determination of the entire controversy among the parties before the court with a minimum of procedural steps." Wright & Miller, *supra*, § 1431. Third, no prejudice will result if it permits ZPM and Lorring Park to pursue their crossclaim. Based on the representations made in the Opposition, to which Augustine Roofing offers no response,[3] Augustine Roofing received the agreement upon which the Crossclaim is based at least four months before discovery finally closed, and there is no evidence before the Court that Augustine Roofing has been deprived of an opportunity to gather discovery related to the Crossclaim or is otherwise prejudiced by this pleading. Moreover, had Augustine Roofing deemed it necessary to file a responsive pleading to the Crossclaim it could have sought leave to do so; on this procedural record, the Court would have granted any such request.

In sum, no unfair prejudice has been inflicted upon Augustine Roofing. *See Heasley*, 2017 WL 4677330, at *7 (the court accepted an improperly-filed crossclaim in the absence of evidence that the target of the crossclaim was not served properly, was somehow deprived of an opportunity to respond, or otherwise suffered prejudice). The Court finds unpersuasive Augustine Roofing's first argument. Accordingly, the Motion to Strike, based on this argument, is denied.

    2. <u>Other Bases to Strike the Crossclaim</u>

As a preliminary matter, in the Motion to Strike, Augustine Roofing fails to articulate how the Crossclaim contains an insufficient defense, and Augustine Roofing does not assert that the Crossclaim contains any "redundant, immaterial, impertinent, or scandalous matter," as is required

---

[3] In the Motion to Strike, Augustine Roofing failed to articulate specific factual allegations regarding how it would be prejudiced by ZPM's and Lorring Park's delay in bringing their Crossclaim. In addition, Augustine Roofing failed to file a Reply to ZPM's and Lorring Park's Opposition, which contains several factual representations. Accordingly, the Court exercised its discretion and briefly considered the unchallenged representations made in the Opposition.

by Fed. R. Civ. P. 12(f). Thus, the Court could exercise its discretion and deny the Motion to Strike due to Augustine Roofing's failure to meet its threshold burden.

Analyzing ZPM's/Lorring Park's Crossclaim, and viewing the pleading in the light most favorable to ZPM and Lorring Park, the Court finds that it consists of just seven paragraphs, the first two of which recite the procedural history of this case. (Crossclaim, ¶¶ 1-2). The next three paragraphs refer to the December 6, 2018 agreement between ZPM and Augustine Roofing, through which the latter entity was to replace the roof of the building (owned by Lorring Park), and agreed to indemnify ZPM and Lorring Park for any claims, damages, or liability resulting from the quality of the roof replacement work performed. (Crossclaim, ¶¶ 3-5). The final two paragraphs refer to the Complaint's allegations of negligent roof replacement by Augustine Roofing that resulted in injury to the Plaintiff, and allege that ZPM and Lorring Park are entitled to indemnification or contribution from Augustine Roofing due to its roof work. (Crossclaim, ¶¶ 6-7). Analyzing this case under the test identified in *Gilman & Bedigian*, then, the Court finds that the December 2018 agreement and the claims for indemnification and/or contribution are directly related to the April 22, 2019 incident, and thus bear both a "possible" and "logical" connection to the "subject matter of the controversy." In addition, the Crossclaim's indemnification or contribution claims are similar to the indemnification and contribution claims advanced by Augustine Roofing in its Third-Party Complaint against Ordonez and in its Crossclaim against ZPM and Lorring Park; namely, all of these claims allege that negligence related to the roof, committed by someone else, caused injury to Plaintiff. Liability for Plaintiff's injuries is at the center of this cause of action. Thus, all of the contribution claims are directly related to the subject matter of the controversy (i.e., the April 22, 2019 incident). *See Potomac Elec. Power Co.*, 2022 WL 17362679, at *3 (the addition of claims of negligent performance, negligent misrepresentation,

and breach of contract to the crossclaim mirrored claims advanced in the third-party complaint and thus, the crossclaim was directly related to the subject matter of the controversy).

Turning to the issue of prejudice, Augustine Roofing fails to clearly articulate how it will be prejudiced if the Court does not strike the Crossclaim. Instead, Augustine Roofing generally complains that the Crossclaim was untimely because it was filed after the majority of discovery had been completed, and that had it wanted to file a responsive pleading, it allegedly could not do so until after discovery closed. (Motion to Strike, pp. 2-3).[4] Thus, Augustine Roofing has failed to meet its burden of demonstrating significant prejudice. *See Gilman & Bedigian*, 337 F.R.D. at 117.[5]

Accordingly, on the record before it, the Court finds that the "drastic remedy" of striking the Crossclaim is unwarranted. *See Jones*, 2022 WL 2703825, at *3.

## IV.   CONCLUSION

For the foregoing reasons, the Motion to Strike, (ECF No. 85), is **DENIED**.

A separate Order will follow.

Date: December 2, 2024

/s/
The Honorable Gina L. Simms
United States Magistrate Judge

---

[4] *See* n.3, *supra*.

[5] In the Opposition, ZPM and Lorring Park represent that: (1) the agreement that forms the basis of the Crossclaim was produced to Augustine Roofing during discovery (on January 31, 2024); (2) the Crossclaim is for indemnification "based on a written instrument—rather than a tortious action—[thus Augustine Roofing] is not prejudiced by an inability to conduct discovery pertaining to the crossclaim;" (3) on April 5, 2024, ZPM and Lorring Park advised Augustine Roofing that they would be pursuing a crossclaim against it; and (4) on May 15, 2024, Augustine Roofing deposed a ZPM employee, and was able to obtain testimony regarding the nature of the relationship between the three Defendant. (Opposition, p. 3).